UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENETIC VETERINARY SCIENCES, INC., d/b/a PAW PRINT GENETICS,<br><br>                              Plaintiff,<br><br>     v.<br><br>CANINE EIC GENETICS, LLC,<br><br>                              Defendant. | NO:  13-CV-0422-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 29).  This matter was submitted for consideration without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

This case concerns a dispute over Defendant Canine EIC Genetics' patent for a method of testing for canine exercise-induced collapse ("EIC"), a genetic

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

disorder found in certain types of dogs. Defendant moved to dismiss Plaintiff's complaint on grounds that this Court lacks personal jurisdiction over Defendant, and alternatively on grounds that venue is improper.  Finding that there was no personal jurisdiction in this district, the Court transferred the case to the District of Minnesota. In the motion now before the Court, Plaintiff seeks reconsideration. For the reasons discussed herein, the Court denies Plaintiff's motion.

DISCUSSION

Plaintiff here moves for reconsideration, arguing that the Court misapprehended facts and legal authorities, thereby committing clear error warranting reconsideration. ECF No. 29 at 1. Plaintiff contends that, contrary to the Court's order, there is an independent basis for subject matter jurisdiction over Plaintiff's state law claims, and that the Court's *sua sponte* transfer order is improper absent notice and an opportunity to be heard.  *Id*. at 2, 4.

**A. Legal Standard**

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment).  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  Rule 60(b) allows a district judge to provide relief from a final judgment if the moving party can show

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).  Whether to grant a motion for reconsideration is within the sound discretion of the court.  *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). The Ninth Circuit has held that

> A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend, and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute "newly discovered evidence" unless they were previously unavailable.

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (internal citations omitted). Reconsideration is also properly denied when a litigant "present[s] no arguments in his motion for [reconsideration] that had not already been raised in opposition to summary judgment." *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir. 1989).

**B. Plaintiff's State Law Claims**

Plaintiff's complaint asserts five claims: declaratory judgment of patent invalidity (Count I); declaratory judgment of non-infringement (Count II); unfair competition (Count III); trade libel (Count IV); and tortious interference (Count V). In its order on the motion to dismiss, the Court declined to consider whether it had personal jurisdiction over the state law claims because it found that it did not have independent subject matter jurisdiction over them. Plaintiff contends that the Court had original subject matter jurisdiction over these state claims because they arise under the patent jurisdiction statute. ECF No. 29 at 2. As such, it argues that the Court should "grant reconsideration and analyze the basis for personal jurisdiction and venue over the Defendant to the extent PPG alleges 'intentional conduct' by the Defendant in this case 'calculated to cause injury to PPG in Washington State consistent with the Supreme Court's holding in *Calder v. Jones*, 465 U.S. 783 (1984)." ECF No. 29 at 4. The Court agrees that it should have analyzed the basis for jurisdiction for at least the unfair competition claim. But the outcome remains the same in that it still does not have personal jurisdiction over Defendant.[1]

---

[1] The Court notes PPG's opposition to the motion to dismiss was not a model of clarity. In it, PPG repeatedly referred to the patent jurisdiction statute as <u>19</u> U.S.C. § 1338—it should be <u>28</u> U.S.C. § 1338. *See* ECF No. 15-1 at 17. Furthermore, in

The patent jurisdiction statute provides:

**(a)** The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights….

**(b)** The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

28 U.S.C. § 1338.

Plaintiff alleges that there is original subject matter jurisdiction over the state law claims on several grounds. Plaintiff first contends that the state law claims pleaded in the complaint allege various theories for "unfair competition" within the meaning of § 1338(b). ECF No. 29 at 3. Plaintiff also alleges that there is an independent basis for subject matter jurisdiction for all three state law claims under § 1338(a) because the claims "arise under" patent law. For the proposition that

its opposition to the motion to dismiss, PPG argued that the tort claims arise under § 1338(a), not that there was original jurisdiction under §1338(b). *See id.* The case PPG now cites as dispositive appears to have been cited as support for the statement that the state law claims were not preempted by federal patent law. *See id*. And the paragraph argues that Federal Circuit rather than Ninth Circuit law should be used.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

1   state law claims arising under patent law give rise to an independent basis for

2   subject matter jurisdiction under § 1338(a), Plaintiff cites *Hunter Douglas, Inc., v.*

3   *Harmonic Design, Inc.*, 153 F.3d 1318, 1329 (Fed. Cir. 1998), *overruled on other*

4   *grounds by Midwest Indus., Inc. v. Karavan Trailers, In*c., 175 F.3d 1356 (Fed.

5   Cir. 1999), *overruled in part by TrafFix Devices v. Mktg. Displays*, 532 U.S. 23

6   (2001).  ECF No 29 at 3.  Defendant counters that *Silent Drive, Inc., v. Strong*

7   *Industries, Inc*., 326 F.3d 1194 (Fed. Cir. 2003) is more applicable.  ECF No. 32

8   at 3.

9           In *Hunter Douglas*, the Federal Circuit held that it had original jurisdiction

10  over state law claims "arising under" federal law within the meaning of §1338(a).

11  It stated that:

12          Under the second type of section 1338(a) jurisdiction, to determine whether
            a state law cause of action "necessarily depends on resolution of a
13          substantial question of federal patent law, in that patent law is a necessary
            element of one of the well-pleaded claims," *Christianson* teaches that we are
14          to look to the elements of the claims appearing on the face of the complaint.
            Our scrutiny of the claims pleaded is thorough, for we must ascertain
15          whether all the theories by which a plaintiff could prevail on a claim rely
            solely on resolving a substantial question of federal patent law.

16

17  *Hunter Douglas,*153 F.3d at 1328-29 (internal citations omitted) (finding that

18  plaintiff's claim of injurious falsehood required an allegation of a false statement

19  that Defendant held the exclusive right to the patent, and therefore that, as pleaded,

20  the state law claim arose under § 1338(a)). Five years later, in *Silent Drive*, the

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 6

Federal Circuit found that it did not have independent subject matter jurisdiction over a common law claim for tortious interference, and therefore did not need to reach the question of personal jurisdiction with respect to that count. 326 F.3d. at 1203.

In its complaint, Plaintiff alleges with respect to the state law claims that

PPG is informed and believes and on that basis alleges that Canine Genetics has communicated directly or indirectly with PPG's actual and potential customers, using false or misleading statements concerning Canine Genetics' rights under the '297 patent, wherein such statements expressly or impliedly communicated to PPG's actual or potential customers that PPG is not authorized to conduct DNA testing for canine EIC and that any such genetic testing conducted by PPG is unlawful and in violation of Canine Genetics' rights granted by the '297 patent.

Canine Genetics' statements and representations concerning its alleged rights under the '297 patent are false and misleading and have caused actual harm to PPG's business and reputation.

Canine Genetics' statements and representations concerning its alleged rights under the '297 patent are also in bad faith because no reasonable litigant could realistically conclude that the '297 patent is valid and enforceable against PPG's genetic test for canine EIC.

ECF No. 9 at 9.

While the Court sees some tension between *Hunter Douglas* and *Silent Drive*, in the light most favorable to Plaintiff, the Court agrees that § 1338(a) of the patent jurisdiction statute may confer original jurisdiction over the state law claims

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 7

1  because they rely on a determination of the patent.[2] Accordingly, the Court will

2  examine personal jurisdiction with respect to the state law claims to determine if

3  they confer personal jurisdiction. The Court finds that, for the same reasons it did

4  not have personal jurisdiction over the patent non-infringement claims, it likewise

5  does not have jurisdiction over the state law claims.

6          Plaintiff again argues in the motion to reconsider that it adequately alleged

7  facts establishing personal jurisdiction with respect to the state law claims in its

8  First Amended Complaint. ECF No. 29 at 4. The Court notes, as it did in its

9  previous order, that it may consider affidavits and other written materials in

10  reference to a motion to dismiss. Where the district court's decision on the personal

11

12  [2] Plaintiff also argues that § 1338(b) gives rise to original subject matter

13  jurisdiction because all the claims relate to unfair competition, but cites no case

14  law. The Court agrees in part that this provision confers original subject matter

15  jurisdiction to claims of unfair competition where it is joined with a substantial

16  patent claim. But the Court decided that it did not have personal jurisdiction over

17  Defendants with respect to the patent claim, thus leaving the state law unfair

18  competition claim hanging. However, the Court need not decide this question,

19  having found other grounds for analyzing personal jurisdiction with respect to the

20  state law claims.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 8

1  jurisdictional question is based on affidavits and other written materials in the

2  absence of an evidentiary hearing, a plaintiff need only make a *prima facie*

3  showing that defendants are subject to personal jurisdiction. *Electronics For*

4  *Imaging v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *Deprenyl Animal Health,*

5  *Inc. v. Univ. of Toronto Innovations Found.,* 297 F.3d 1343, 1347 (Fed. Cir.

6  2002); *see also Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th

7  Cir. 1977). In a motion to dismiss, the Court must accept the uncontroverted

8  allegations in the plaintiff's complaint as true and resolve any factual conflicts in

9  the affidavits in the plaintiff's favor. *Electronics For Imaging*, 340 F.3d at 1349;

10  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir.

11  2000).

12         As stated in the Court's previous order, to satisfy due process requirements

13  for establishing specific jurisdiction over a defendant, the Court must address two

14  issues that bear on whether the defendant has purposefully established minimum

15  contacts with the forum state: (1) whether the defendant "has purposefully directed

16  his activities at residents of the forum"; and (2) whether "the litigation results from

17  alleged injuries that arise out of or relate to those activities." *Burger King Corp. v.*

18  *Rudzewicz,* 471 U.S. 462, 472–73 (1985) (citations and internal quotations

19  omitted). If the court concludes that those two conditions are satisfied, a third

20  factor comes into play: "whether the assertion of personal jurisdiction would

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 9

comport with fair play and substantial justice." *Id.* at 476 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945)).

Plaintiff contended that Canine EIC Genetics' intent to cause injury in Washington State can alone give rise to a finding of personal jurisdiction, citing *Calder v. Jones*, 465 U.S. 783, 788 (1984). ECF No. 15-1 at 19. As the Federal Circuit has stated:

> The Supreme Court has also instructed that personal jurisdiction may be "proper because of [a defendant's] intentional conduct in [another State] calculated to cause injury to [the plaintiff] in [the forum State]." *Calder,* 465 U.S. at 791. In *Calder,* the Supreme Court held that the author and editor of an allegedly libelous article circulated in California, albeit written and edited in Florida, which "they knew would have a potentially devastating impact upon [the plaintiff]," and which targeted a resident of California, was not "mere untargeted negligence." *Id.* at 788–90. "Rather, their intentional, and allegedly tortious, actions were expressly aimed at California," and thus they "must 'reasonably anticipate being haled into court there.' " *Id.* at 789–90.

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1331 (Fed. Cir. 2008) (some internal citations omitted). *See also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (*Calder* "'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.").

Here, there is no personal jurisdiction over the state law claims under any formulation of the rule. That Plaintiff casts the legal harm to it as a tort does not

recast the underlying action as "calculated to cause injury to [the Plaintiff] in [the forum state]." *See id*. The Court must still analyze Defendant's conduct to see if it meets the standard. It does not.

As the Court noted in its previous order, there is no evidence that Canine EIC Genetics or its exclusive licensee Veterinary Diagnostic Laboratory ("VDL") solicited PPG's customers. Defendant's affidavit—uncontroverted by Plaintiff except with suggestions of a "belief" that third party vendors were at a conference—states that Canine EIC "has not conducted any presentations in the State of Washington nor has it solicited any customers in Washington." ECF No. 12 at 4.  Plaintiff cites an advertisement "for an EIC testing clinic. ECF No. 14 at 5. But Plaintiff does not state that Canine Genetic EIC placed the advertisement, nor does the advertisement itself reference Canine Genetic EIC or VDL. Furthermore, the record before the Court suggests that VDL maintains a fairly passive website, from which customers can "download forms" presumably sent when they send "samples for testing through the mail." Shaffer Decl., ECF No. 14 at 3. There is no suggestion that anything on the website mentioned PPG or specifically targeted its customers or any customers in Washington.

Nor does the record indicate that Canine Genetic EIC ran a swabbing clinic or contacted PPG's customers in Washington. Dr. Shaffer stated that she "believe[d] that these misinformed potential customers at the 2013 Labrador

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 11

1    Retriever Club's Specialty Dog show in Lacey, Washington were improperly

2    influenced at that Dog show by Canine Genetics or by Canine Genetics' servants

3    or agents who were operating the swabbing clinic at the dog show." ECF No. 14 at

4    5. Dr. Shaffer went to state that this belief was based on the number of inquiries

5    received at the show regarding whether PPG was authorized to do EIC testing. *Id*.

6    at 5-6. Thus, Dr. Shaffer's own declaration indicates that she does not have

7    personal knowledge of Canine Genetic EIC's presence at the conference, and all of

8    her "belief" is based on hearsay statements. Thus, there is no factual dispute that

9    must be resolved in Plaintiff's favor. Defendant presented evidence that is not

10   controverted by clear statements to the contrary (or by any admissible statement).

11        Just as the Court found that Canine Genetic EIC's activity did not constitute

12   "purposeful direction" in satisfaction of the *Burger King* factors with respect to the

13   patent non-infringement and invalidity claims, the Court now likewise finds that it

14   is not "intentional conduct" "calculated to cause injury to [the Plaintiff] in [the

15   forum state]" with respect to the state law claims. "[D]ue process requires only that

16   in order to subject a defendant to a judgment in personam, if he be not present

17   within the territory of the forum, he have certain minimum contacts with it such

18   that the maintenance of the suit does not offend traditional notions of fair play and

19   substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)

20   (internal quotation marks omitted). *See also Hanson v. Denckla,* 357 U.S. 235, 253

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 12

1    (1958) ("it is essential in each case that there be some act by which the defendant

2    purposefully avails itself of the privilege of conducting activities within the forum

3    State, thus invoking the benefits and protections of its laws."). Because Plaintiff

4    failed to controvert Defendant's affidavit with admissible evidence (or even

5    concrete statements disaffirming Defendant's declarations), Plaintiff has failed to

6    make a prima facie showing that Defendant engaged in intentional conduct

7    calculated to injure Plaintiff or cause harm in this state. Thus, this Court does not

8    have personal jurisdiction over the state law claims or the patent claims.

9        **C. Venue**

10        Plaintiff contends that the court erred in transferring the case to the District

11    of Minnesota because it failed to provide PPG with notice and an opportunity to be

12    heard on the transfer issue under 28 U.S.C. § 1404(a) and because the decision to

13    transfer was premised on a "clearly erroneous finding of fact." ECF No. 29 at 4-5.

14        First, at oral argument, the Court raised the issue of transfer to another

15    district which invited a response if one was forthcoming.  Second, the Court's

16    decision to transfer the case was premised on 28 U.S.C. § 1406, not § 1404. *See*

17    ECF No. 28 at 29.  As an alternative to dismissing the case for lack of personal

18    jurisdiction, the Court transferred the case to the District of Minnesota, where there

19    would be personal jurisdiction over the Defendant. Having again found that this

20    Court could not exercise personal jurisdiction over the Defendants—even

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 13

considering the state law claims—the Court must decline to reconsider its finding that its transfer pursuant to § 1406 was improper.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 29) is **DENIED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel. This district's file shall remain **closed**.

**DATED** June 25, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 14